**Valdomero H. COY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–91–211–CR.**

Court of Appeals of Texas,
Austin.

June 3, 1992.

---

Linda Icenhauer–Ramirez, Austin, for appellant.

William G. Reid, Asst. Dist. Atty., Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and SMITH, JJ.

PER CURIAM.

A jury found appellant guilty of aggravated assault and assessed punishment at imprisonment for seven years. Tex.Penal Code Ann. § 22.02(a), (c) (Supp.1992). The jury also found that appellant used a deadly weapon in the commission of this offense, and declined to recommend probation.

Appellant does not contest the sufficiency of the evidence, which shows that he shot Leonard Guerrero in the face with a shotgun on November 17, 1990. At the punishment stage of trial, the State offered the testimony of Joe Salazar. Over appellant's objection, Salazar testified that appellant fired six pistol shots at him on October 10, 1990. In two points of error, appellant contends the district court erred by admitting Salazar's testimony and, alternatively, by refusing to instruct the jurors not to consider the extraneous offense unless they believed beyond a reasonable doubt that appellant committed it.

## I. Admissibility of unadjudicated offense
### Background

■ Appellant's first point of error requires this Court to determine the effect of the 1989 amendment to art. 37.07, § 3(a) of the Code of Criminal Procedure. *See* 1989 Tex.Gen.Laws, ch. 785, § 4.04, at 3492. As amended, the pertinent portion of the statute reads:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and the defendant as to *any matter the court deems relevant to sentencing, including* the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

Tex.Code Crim.Proc.Ann. art. 37.07, § 3(a) (Supp.1992) (emphasis added). The italicized language was added by the amendment. To date, five other courts of appeals have concluded that this language permits the admission of unadjudicated extraneous offenses at the punishment stage. *Huggins v. State*, 795 S.W.2d 909 (Tex.App. 1990, pet. ref'd); *McMillian v. State*, 799 S.W.2d 311 (Tex.App.1990, pet. granted); *Hubbard v. State*, 809 S.W.2d 316 (Tex. App.1991, pet. granted); *Gallardo v. State*, 809 S.W.2d 540 (Tex.App.1991, pet. granted); *Rexford v. State*, 818 S.W.2d 494 (Tex. App.1991, pet. ref'd by 823 S.W.2d 296 (Tex.Cr.App.1991)). Two courts have reached the opposite conclusion. *Grunsfeld v. State*, 813 S.W.2d 158 (Tex.App. 1991, pet. granted); *Blackwell v. State*, 818 S.W.2d 134 (Tex.App.1991, pet. filed). For reasons we will explain, we adopt the majority view.

The phrase "any matter the court deems relevant to sentencing" is obviously derived from the capital murder sentencing statute, which authorizes the admission of evidence as to "any matter that the court deems relevant to sentence." Tex.Code Crim. Proc.Ann. art. 37.071, § 2 (Supp.1992).[1] It

---

1. Article 37.071 was extensively amended in 1991. 1991 Tex.Gen.Laws, ch. 652, § 9, at 2395, and ch. 838, § 1, at 2898. The phrase in question, however, has been found in the statute

has been held repeatedly that evidence of an unadjudicated extraneous offense committed by the defendant is admissible at the punishment stage of a capital murder trial. *Richardson v. State,* 744 S.W.2d 65, 82–83 (Tex.Crim.App.1987); *Hammett v. State,* 578 S.W.2d 699, 709 (Tex.Crim.App. 1979). We may safely assume that when it amended art. 37.07, § 3(a), the legislature was aware of the judicial interpretation given the nearly identical language in article 37.071.

While the decisions construing art. 37.071 are instructive, art. 37.07, § 3(a) cannot be construed solely by analogy to art. 37.071. The capital murder sentencing scheme is unique. Under this scheme, the jury is asked to answer certain punishment issues, as to which the State has the burden of proof beyond a reasonable doubt. Art. 37.071, § 2(b), (c). Evidence of unadjudicated extraneous offenses has been determined to be relevant to the determination of these punishment issues. *Hammett,* 578 S.W.2d at 709. In ordinary noncapital cases, there are no discrete fact issues at the punishment stage. The jury is merely instructed on the applicable range of punishment and asked to assess the appropriate term of years and fine. What evidence should be admitted to aid the jury in making that determination is a question of policy rather than logical relevance. *Miller–El v. State,* 782 S.W.2d 892, 896 (Tex.Crim.App.1990).

Article 37.071 expressly states that the trial court's authority to admit relevant evidence at the punishment stage of a capital case is limited only by the federal and state constitutions.[2] Under art. 37.07, § 3(a), on the other hand, the court may admit evidence "as permitted by the Rules of Evidence." Furthermore, the statute defines "prior criminal record" to exclude unadjudicated offenses. In his scholarly opinion for the Dallas court in *Grunsfeld,* former Presiding Judge John F. Onion argues that because the legislature retained

since the death penalty was reinstituted in 1973. *See* 1973 Tex.Gen.Laws, ch. 426, art. 3, § 1, at 1125.

language that has been held to prohibit the admission of unadjudicated extraneous offenses, it could not have intended the 1989 amendment to open the door to such evidence. 813 S.W.2d at 172. We must presume, however, that the legislature intended to change the law when it amended art. 37.07, § 3(a). *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex.Crim.App.1979). In order to give effect to the entire statute, we must reconsider the meaning of the limiting language in light of the 1989 amendment. *See* Code Construction Act, Tex.Gov't Code Ann. § 311.021 (1988).

### *Evidence "relevant to sentencing"*

As previously noted, the admissibility of evidence at the punishment stage of a noncapital trial is a matter of policy rather than relevance. *Miller–El,* 782 S.W.2d at 896. The Court of Criminal Appeals has stated that, subject to the terms of art. 37.07, § 3(a), punishment should be assessed in light of the circumstances of the offense and the circumstances of the defendant. *Id.; Stiehl v. State,* 585 S.W.2d 716, 718 (Tex.Crim.App.1979). We believe that by amending § 3(a) to permit the admission of "any matter the court deems relevant to sentencing," the legislature established a policy of full disclosure at sentencing. The trial court may admit any evidence that bears upon or is pertinent to the circumstances of the offense or the circumstances of the offender, provided that the evidence is not otherwise barred by the terms of art. 37.07.

That he has committed another criminal offense is obviously a circumstance of the defendant that is pertinent to the determination of the appropriate punishment, even though he has not been convicted of the offense. We therefore conclude that unadjudicated extraneous offense evidence is "relevant to sentencing" within the meaning of art. 37.07, § 3(a).

2. Similarly, the rule governing the admission of character evidence at the punishment stage is expressly inapplicable to capital murder prosecutions. Tex.R.Crim.Evid.Ann. 404(c) (Pamph. 1992).

*Applicability of the rules of evidence*

Under art. 37.07, § 3(a), the trial court may admit evidence relevant to sentencing "as permitted by the Rules of Evidence." [3] Under the Rules of Criminal Evidence, the character of the defendant may be proved at the punishment stage of a noncapital trial by evidence of his prior criminal record and his reputation, and by testimony in the form of an opinion. Tex.R.Crim. Evid.Ann. 404(c), 405 (Pamph.1992); *see Hernandez v. State,* 800 S.W.2d 523 (Tex. Crim.App.1990); *Hedicke v. State,* 779 S.W.2d 837 (Tex.Crim.App.1989). "Prior criminal record," as used in Rule 404(c), must be construed in accord with the definition of that term in art. 37.07, § 3(a). Tex.R.Crim.Evid.Ann. 101(c) (Pamph.1992). Thus, it does not encompass unadjudicated offenses. For this reason, the *Grunsfeld* court concluded that the Rules of Criminal Evidence bar the introduction of evidence of unadjudicated offenses at the punishment stage even after the 1989 amendment of art. 37.07, § 3(a). *Grunsfeld,* 813 S.W.2d at 168–70. We respectfully disagree.

The Rules of Criminal Evidence apply to the assessment of punishment only to the extent that matters of evidence are not provided for in the applicable statutes. Tex.R.Crim.Evid.Ann. 1101(d)(1) (Pamph. 1992). Article 37.07, § 3(a) declares that the court may admit evidence of any matter relevant to sentencing. Evidence of an unadjudicated offense committed by the defendant is relevant to sentencing. To the extent that Rules 404(c) and 405 prohibit the admission of such evidence at the punishment stage of trial, they must give way to art. 37.07.

The proper construction of the phrase "as permitted by the Rules of Evidence" is found in the opinions construing art. 37.-071. The Court of Criminal Appeals has explained that the trial court's discretion under that statute to admit evidence relevant to sentence "extends only to the question of the *relevance* of the facts sought to be proved. Article 37.071(a), *supra,* does not alter the rules of evidence insofar as the *manner* of proof is concerned." *Porter v. State,* 578 S.W.2d 742, 748 (Tex.Crim. App.1979) (emphasis in original). This, we believe, is also the proper construction of art. 37.07, § 3(a). While a fact, such as the defendant's commission of an unadjudicated offense, may be relevant to sentencing and thus admissible under the statute, the State must prove that fact in a manner that is consistent with the Rules of Criminal Evidence and with the defendant's constitutional rights of confrontation and cross-examination.

*Definition of "prior criminal record"*

Article 37.07, § 3(a) expressly authorizes the admission of the defendant's prior criminal record at the punishment stage, but defines that term to include only "a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged." Opinions interpreting art. 37.07, § 3(a) before the 1989 amendment cite this phrase as a basis for excluding proof of unadjudicated offenses at the punishment stage. *Ramey v. State,* 575 S.W.2d 535, 537 (Tex.Crim.App.1978); *Morgan v. State,* 515 S.W.2d 278, 280 (Tex. Crim.App.1974). It is argued that because this definition was not altered when the statute was amended in 1989, unadjudicated offenses are excluded from the class of evidence that may be admitted as relevant to sentencing. *Grunsfeld,* 813 S.W.2d at 170–71. Again, we disagree.

As amended, art. 37.07, § 3(a) permits the admission of evidence as to "any matter the court deems relevant to sentencing, including the prior criminal record of the defendant." "Including" is a term of enlargement and not of limitation or exclusive enumeration, and the use of the term does

---

**3.** This phrase was added to art. 37.07, § 3(a) effective with the adoption of the Rules of Criminal Evidence. 1985 Tex.Gen.Laws, ch. 685, § 8(b), at 2473. The bill analysis accompanying House Bill 13, the legislative vehicle for the 1985 amendment, offers no interpretation of or explanation for this reference to the Rules. Until the 1989 amendment at issue in this cause forced the courts to reconsider the meaning of art. 37.07, § 3(a) as a whole, the courts were not called upon to construe the phrase.

not create a presumption that components not expressed are excluded. Code Construction Act, Tex.Gov't Code Ann. § 311.-005 (Supp.1992). Therefore, the admissible "evidence relevant to sentencing" includes, but is not limited to, evidence of the defendant's previous final convictions.

### Conclusion

 In this cause, the district court could reasonably conclude that Salazar's testimony describing appellant's attempt to shoot him one month before the assault against Guerrero was a circumstance of the defendant that was relevant to the punishment decision. The evidence demonstrated that the charged assault was not appellant's first act of violence against another person. It also informed the jury that appellant's lack of felony convictions did not mean that he had lived a life free of serious criminal activity.[4] The court did not err by overruling appellant's objection to Salazar's testimony. Point of error one is overruled.

### II. Jury instruction

Appellant requested that the charge on punishment include the following instruction:

> You are instructed that if there is any testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case, that you cannot consider said testimony for any purpose unless you first find and believe beyond a reasonable doubt the defendant committed such other offenses, if any were committed.

Appellant's second point of error complains of the court's refusal to give this requested special charge.

 In order to preserve alleged charge error for review, the defendant must, before the charge is read to the jury, either object in writing or present to the court a written requested instruction. Tex.Code Crim.Proc.Ann. arts. 36.14, 36.15 (Supp.

1992). Appellant did neither. Instead, he dictated his requested instruction to the court reporter *after* the punishment charge was read and the jury retired to deliberate. Despite the apparent untimeliness of the request, the court stated in the record that the request had been "dictated to the court reporter promptly and in time." We infer from this remark that appellant may have made an oral request for the special instruction at some earlier time.

Articles 36.14 and 36.15 are mandatory and compliance with them is essential. *Villarreal v. State*, 429 S.W.2d 508, 510 (Tex.Crim.App.1968). The record in this cause clearly demonstrates that appellant did not comply. The second point of error was not preserved for review and is therefore overruled.

The judgment of conviction is affirmed.

---

**4.** The 1989 amendment of art. 37.07, § 3(a), effectively overrules *Murphy v. State*, 777 S.W.2d 44 (Tex.Crim.App.1988).