Louis JACKSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–00525–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 8, 1992.

George J. Parnham, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, namely cocaine, weighing less than 28 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 1992). He was convicted and the court assessed punishment, enhanced under TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 1992), at imprisonment for twenty-five years. We reverse and remand.

■ Appellant raises three points of error. In his first two points of error, appellant challenges the trial court's rulings on his various pre-trial motions. We cannot reach the merits of these two points of error because appellant has waived error.

■ In the transcript before this court, both the judgment and a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" recite the appellant entered his plea of guilty without an "agreed recommendation" as to punishment. Where there is no plea bargain and a plea of guilty or nolo contendere is knowingly and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App. 1987); *King v. State*, 687 S.W.2d 762, 765 (Tex.Crim.App.1985). This has come to be known as the "*Helms* rule." *See Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App. 1972).

■ The legislature has allowed departure from this rule when two specific conditions are met. *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex.Crim.App. [Panel Op.] 1979). There must be a negotiated recommendation as to punishment and the punishment actually assessed by the trial court must not exceed the recommendation. *Id.*

■ The Rules of Appellate Procedure are also instructive on how and when there may be an appeal. The court of criminal appeals held TEX.R.APP.P. 40(b)(1)[1] governs how an appeal is perfected. *Lemmons v. State*, 818 S.W.2d 58, 62 (Tex.Crim.App. 1991). While acknowledging the court of criminal appeals holding that TEX.R.APP.P. 40(b)(1) governs how an appeal is perfected, this rule also reflects the common understanding that there is only a right to appeal from the trial court's rulings on pre-trial motions where there is an agreed recommendation as to punishment. If there has been a plea of guilty or nolo contendere, it is only possible to appeal rulings on pre-trial motions when there has been an agreement as to punishment, otherwise the *Helms* rule applies and all nonjurisdictional defects are waived.

In this case the record clearly reflects there was not an agreement as to punishment between appellant and the state. Therefore, we hold appellant waived error relative to the trial court's rulings on his pre-trial motions.

---

1. Rule 40(b)(1) provides: if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, *and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney,* in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. TEX.R.APP.P. 40(b)(1). (Emphasis added.)

In appellant's third point of error he raises a corollary to the *Helms* rule. This corollary states a plea is involuntary and mandates reversal if it is apparent from the record the appellant, appellant's counsel and the trial judge were laboring under the false impression an appeal was in order at the time the plea was entered. *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App. 1985).

The record in this case does indicate the parties were laboring under the false impression appellant could pursue his appeal on the merits. At the conclusion of the plea agreement, appellant's counsel asked for and received permission from the trial judge to appeal the trial court's pre-trial rulings. On the "Bill of Costs" and the "Written Notice of Appeal" signed both by the trial judge and appellant's counsel there are notes indicating the appellant's right to appeal the rulings on his pre-trial motions to suppress.

When a plea is based upon an incorrect assurance from the trial court that certain matters may be appealed, it is a conditional plea and because of this, the plea is rendered involuntary. *Larson v. State*, 759 S.W.2d 457, 461 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). We hold appellant's plea was conditioned on his right to appeal the trial court's rulings on his pre-trial motions and because it was entered without an agreed punishment recommendation it was involuntary. Appellant's third point of error is sustained.

As much as this court would like to address the merits of appellant's points of error we cannot. The court of criminal appeals has held that we may not specifically enforce the understanding by the parties in the trial court by which appellant retained the right of appeal. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App. 1985). The holding in *Broddus* creates an absurdity in the law.

This court now has its hands tied because the trial judge, in a non-committal way, gave permission to appellant to appeal his pre-trial motions. If at the end of the plea hearing, the trial judge had not "given his permission" to appeal, this appeal would be dismissed because appellant would have waived error. However, we now must hold the plea was conditional and we are denied the opportunity to resolve appellant's true points of error on their merits.

This result makes no sense. If this record shows that somehow appellant's plea was conditional because of an erroneous belief he could appeal, then it is even more clear that his goal was to have that appeal heard. The court of criminal appeals should not restrict our ability to give the appellant what he truly wanted in the first place. If this court must find a plea conditional, we should have the opportunity to then look at the appeal on the merits and dispose of the matter once and for all. Otherwise, this appeal is destined to stay in appellate orbit for some time to come.

As the law now stands the crafty defendant can manipulate the criminal justice system. He can simply hide behind the log and wait to see what he will receive in the way of punishment as a result of his plea. If he is dissatisfied, all he need do is announce that he intends to appeal. If the trial judge is not vigilant and fails to correct this misconception, the defendant will then wind up with a free ride through our system in the form of a new trial. *Booker v. State*, 816 S.W.2d 121, 123 (Tex.Civ. App.—Houston [14th Dist.] 1991, pet. granted) (Robertson, J., dissenting).

The effect of the ruling of the court of criminal appeals is that the defendant and his attorney no longer need to know what his rights are, and in effect places a premium on their ignorance of the law. It would be wise for all trial courts to warn in all plea cases without an agreed punishment that the defendant's right to appeal is limited.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this opinion.