IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




ON REMAND




NO. 3-91-211-CR




VALDOMERO H. COY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 0911800, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 The Court of Criminal Appeals reversed our original judgment and remanded the
cause for reconsideration in light of that court's opinion in Grunsfeld v. State, No. 1037-91 (Tex.
Crim. App. Oct. 28, 1992). Coy v. State, No. 842-92 (Tex. Crim. App. Dec. 23, 1992) (not
designated for publication). In Grunsfeld, the court held that article 37.07, section 3(a) of the
Code of Criminal Procedure, as amended in 1989, does not permit the admission at the
punishment stage of evidence of unadjudicated offenses committed by the defendant. Tex. Code
Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1993). This Court reached the opposite
conclusion on original submission in this cause, overruled appellant's point of error complaining
of the admission of an unadjudicated offense, and affirmed the district court judgment convicting
appellant of aggravated assault. Coy v. State, 831 S.W.2d 552 (Tex. App.--Austin 1992). 

 The jury convicted appellant after hearing evidence that he shot Leonard Guerrero
in the face with a shotgun, blinding him in one eye. At the punishment stage, the jury heard
evidence that appellant's reputation for being a peaceable and law-abiding citizen was bad, and
that he had been previously convicted of unlawfully carrying a weapon. The jury also heard the
testimony of Joe Salazar, who said that appellant fired six pistol shots at him approximately one
month before the charged offense. In light of Grunsfeld, it is clear that the trial court erred by
admitting Salazar's testimony. While the other evidence would certainly warrant the punishment
assessed, this Court cannot conclude beyond a reasonable doubt that the erroneous admission of
the unadjudicated offense made no contribution to the punishment. Tex. R. App. P. Ann. 81(b);
Harris v. State, 790 S.W.2d 568 (Tex. Crim. App. 1989). The first point of error is sustained. 
 Appellant's second point of error also complains of error at the punishment stage. 
Because of our disposition of the first point of error, we need not address the second. 

 The judgment of conviction is reversed and the cause is remanded for a new trial
on punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1993).


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Reversed and Remanded

Filed: February 10, 1993

[Do Not Publish]