Timothy Clyde HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–00810–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 1993.

Rehearing Denied May 20, 1993.

J. Blake Haynes, Renato Santos, Jr., Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Timothy Clyde Hall, appeals his judgment of conviction for the misdemeanor offense of attempted theft. Appellant waived his right to a jury trial and pled "nolo contendere" to the court. Because there was no agreed recommendation as to appellant's punishment, the trial court held a punishment hearing. After this hearing, the court assessed punishment at ninety (90) days confinement in the Harris County Jail and assessed a $1,500 fine. We affirm.

In his sole point of error, appellant claims that he was denied effective assistance of counsel at the punishment hearing. He contends that his trial attorney

was ineffective because he failed to object to the testimony of several State's witnesses regarding unadjudicated extraneous offenses and to the prosecutor's summation of that testimony.

### Waiver

■■■ Appellant entered a plea of nolo contendere without an agreed recommendation from the State. Where there is no plea bargain agreement and a plea of guilty or nolo contendere is knowingly and understandingly made, all non-jurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex. Crim.App.1987); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972); *Jackson v. State*, 841 S.W.2d 38, 39 (Tex. App.—Houston [14th Dist.] 1992, no pet.). The rules of appellate procedure provide an exception to this general rule. Rule 40(b)(1) affords a defendant who has pled guilty or nolo contendere a right to appeal if he entered his plea pursuant to an agreed recommendation, and if the punishment assessed does not exceed the recommendation. However, even under those circumstances, it is only possible to appeal rulings on pre-trial motions. *Jackson*, at 39; TEX.R.APP.P. 40(b)(1).

■ In this case, the record clearly reflects there was no agreement as to punishment between appellant and the State. Therefore, appellant waived any error with respect to alleged ineffective assistance of counsel. Even if appellant has not waived error, his contention is without merit.

### Standard of Review

■ The Supreme Court set out a two-part test for determining effectiveness of counsel in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Appellant must first show that counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment. *Id.* Once appellant has demonstrated that his trial counsel was ineffective, he must then prove that the deficient performance prejudiced his case. *Id.*

■ The *Strickland* test is the proper standard to gauge the effectiveness of counsel at the guilt-innocence phase of trial. *Boyd v. State*, 811 S.W.2d 105, 109 (Tex.Crim.App.1991). However, then analyzing the effectiveness of counsel during the punishment phase, the test announced in *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim.App.1980) is applicable. Therefore, the test for effectiveness of counsel in the punishment phase is first, whether counsel was reasonably likely to render effective assistance, and second, whether counsel reasonably rendered effective assistance. *Craig v. State*, 825 S.W.2d 128, 130 (Tex. Crim.App.1992); *Duffy*, 607 S.W.2d at 514.

### Effectiveness of Counsel

Effective September 1, 1989, the Code of Criminal Procedure was amended as follows:

> Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may, as permitted by the Rules of Evidence, be offered by the state and defendant as to any matter the court deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

TEX.CODE CRIM.PROC. art. 37.07, § 3(a) (Vernon Supp.1993).

■ After the effective date of the amendment, many of the intermediate courts of appeals, including the two courts of appeals sitting in Harris County, had the opportunity to interpret the amended article. These courts determined that with this amendment, prior unadjudicated offenses are admissible at sentencing in non-capital cases and are relevant and material to the assessment of punishment under TEX.R.CRIM.EVID. 401 and 403. *See, e.g., Lafayette v. State*, 835 S.W.2d 131, 133–34 (Tex.App.—Texarkana 1992, no pet.); *Coy v. State*, 831 S.W.2d 552, 554–55 (Tex.

App.—Austin 1992, no pet.); *Robles v. State,* 830 S.W.2d 779, 738 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); *Slott v. State,* 824 S.W.2d 225, 227 (Tex.App.—Beaumont 1992, no pet.); *Rasmussen v. State,* 822 S.W.2d 707, 711 (Tex.App.—Fort Worth 1991, no pet.); *Cannon v. State,* 807 S.W.2d 631, 635 (Tex.App.—Houston [14th Dist.] 1991, no pet.). On October 28, 1992, the court of criminal appeals delivered *Grunsfeld v. State,* 843 S.W.2d 521 (Tex. Crim.App.1992). In *Grunsfeld,* the court held that proof of unadjudicated offenses is inadmissible at the punishment stage of a non-capital trial unless the defendant opens the door to such evidence. *Id.*

Appellant pled guilty and was sentenced on July 7, 1992. On that date, decisions of intermediate courts of appeals favored the admission of unadjudicated extraneous offenses during the punishment stage of non-capital trial. In light of the fact that both appellate courts sitting in Harris County had decided that such offenses were admissible, any objection trial counsel would have raised to the testimony would have been overruled. Counsel is not ineffective for failing to raise an objection that lacks merit. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Appellant claims that his attorney was ineffective because he failed to keep abreast of developments in criminal law. We find that appellant's trial attorney cannot be held at fault because he was unable to predict a Court of Criminal Appeal's decision that would be issued more than three months later. Appellant's sole point of error is overruled.