IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-463-CR





RAYMOND W. SULLIVAN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT



NO. 92-175-K26, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING



 





PER CURIAM

 Appellant pleaded guilty before a jury to three counts of aggravated sexual assault
of a child. Tex. Penal Code Ann. § 22.021 (West 1989). Appellant also pleaded true to the
allegation of a previous felony conviction. The jury returned verdicts of guilty on each count and
assessed punishment for each at imprisonment for life and a $10,000 fine. The district court
rendered judgment on each count.

 In his first point of error, appellant contends the district court erroneously admitted
testimony concerning an unadjudicated extraneous offense in violation of article 37.07 of the Code
of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 1993);
Grunsfeld v. State, 843 S.W.2d 521 (Tex. Crim. App. 1992), aff'g, 813 S.W.2d 158 (Tex.
App.--Dallas 1991). Appellant acknowledges that he did not object to the testimony, but relies on
the overruling of his pretrial motion in limine. A motion in limine, however, will not preserve
error. A defendant must object on the proper ground when the evidence is offered at trial. Romo
v. State, 577 S.W.2d 251, 252 (Tex. Crim. App. 1979); see Tex. R. App. P. 52(a); Tex. R.
Crim. Evid. 103(a)(1). 

 Appellant seeks to excuse his failure to object by arguing that "[g]iven the state of
the law at the time of appellant's trial, a reasonable defense counsel would have concluded that
evidence of extraneous unadjudicated offenses was admissible at the punishment phase of trial." 
Appellant bases this argument on the several court of appeals opinions holding that the 1989
amendment of article 37.07 opened the door to unadjudicated offense evidence at the punishment
stage. See, e.g., Coy v. State, 831 S.W.2d 552 (Tex. App.--Austin 1992), rev'd, No. 842-92
(Tex. Crim. App. Dec. 23, 1992) (not designated for publication). But at the time of appellant's
trial, two courts of appeals had held to the contrary, most notably the Dallas court in Grunsfeld. 
Further, the Court of Criminal Appeals had taken most of these cases on petition for discretionary
review and had yet to announce its opinion on the question. Under the circumstances, it cannot
be said that the claim that unadjudicated offenses are inadmissible under article 37.07 was so
novel that the basis of the claim was not reasonably available at the time of appellant's trial, or
that the law was so well-settled by the Court of Criminal Appeals that an objection by appellant
would have been futile. Black v. State, 816 S.W.2d 350, 368 (Tex. Crim. App. 1991) (Campbell,
J., concurring).

 Finally, the alleged error was not preserved by an objection out of the jury's
presence. Tex. R. App. P. 52(b). In his remarks to the court in support of the motion in limine,
counsel did not argue that article 37.07 barred unadjudicated offense evidence in this cause. To
the contrary, he acknowledged that unadjudicated offense evidence might be admissible under
certain circumstances. See York v. State, 566 S.W.2d 936, 938 (Tex. Crim. App. 1978) (relevant
facts admissible under plea of not guilty also admissible under plea of guilty). Because the
contention appellant now makes was not presented to the district court, point of error one is
overruled.

 Appellant's second point of error, by which he complains of the admission of
details concerning his previous conviction, also was not preserved for review. Appellant did not
object to the testimony in question, and his failure to object cannot be excused for the reasons
discussed above. Point of error two is overruled.

 The judgments of conviction are affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Do Not Publish]