Tyrone Levette WISE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–00543–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1993.

Senfronia Thompson, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, CANNON and MORSE (Sitting by Designation), JJ.

## OPINION

MORSE, Former Justice.

After the trial court overruled appellant's pre-trial motion to suppress, appellant entered a plea of guilty to the offense of possession of a controlled substance, namely cocaine. TEX.HEALTH & SAFETY CODE ANN. § 481.115. The court assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(b), at imprisonment for 20 years.

In his sole point of error, appellant challenges the trial court's ruling on his pre-trial motion to suppress. We cannot reach the merits of this point of error because appellant waived error by entering a guilty plea without an "agreed recommendation" as to punishment. When there is no plea bargain and a plea of guilty or nolo contendere is knowingly and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App. 1972).

An exception to this rule occurs when a defendant enters a plea of guilty or nolo contendere, based on the mistaken belief he is entitled to appeal the ruling on a pre-trial motion. *Booker v. State,* 816 S.W.2d 121, 122 (Tex.App.—Houston [14th Dist.] 1991), *pet. dism'd, improvidently granted,* 836 S.W.2d 634 (Tex.Crim.App.1992). When a plea is based upon an incorrect assurance from the trial court that certain matters may be appealed, it is a conditional plea and the plea is rendered involuntary. *Jackson v. State,* 841 S.W.2d 38 (Tex. App.—Houston [14th Dist.] 1992, no pet.). If the record indicated that the trial judge had previously given appellant permission to appeal the denial of the motion to suppress, appellant's plea would have been involuntary and we would be required to reverse and remand the judgment without addressing the merits of appellant's sole point of error.

Although appellant does not assert that he entered his plea based upon the mistaken assumption that he could appeal the denial of the motion to suppress, no specific assignment of error is required where the record shows that an impermissible conditional plea of guilty has been entered. *Davila v. State,* 767 S.W.2d 205 (Tex. App.—Corpus Christi 1989, no pet.). However, the record does not indicate appellant entered a conditional plea of guilty.

The hearings on the pre-trial motion to suppress, the guilty plea, and the sentencing occurred in the same proceeding. At

the end of the hearing, after appellant entered his plea of guilty and was sentenced, the following colloquy occurred:

DEFENSE ATTORNEY: Your Honor, while we're still on record I would like for the Court to inform him [appellant] of the time limits with respect to the right to appeal this case.

THE COURT: All right, sir. You have 30 days within which to give your notice of appeal or you can do that by and through your attorney today. You think about it and let me know what you wish to do....

This is the only dialogue concerning an appeal and occurs after appellant entered his guilty plea and the trial court sentenced appellant to 20 years. The above exchange only informed appellant of the time limits within which to file a notice of appeal and does not indicate that the trial court or appellant's trial attorney informed appellant he could appeal the denial of his motion to suppress.

After the judgment was signed on May 29, 1991, the following notation dated June 14, 1991, was made on the Bill of Costs, under the trial court judge's signature:

Notice of appeal on motion to suppress filed and granted. Bond set pending appeal No Bond.

Although the trial court judge purportedly granted appellant's notice of appeal two weeks after appellant entered his guilty plea this does not indicate that appellant, his attorney, and the judge were operating under the mistaken belief that appellant could appeal the denial on the motion to suppress *at the time appellant entered his guilty plea.*

Based on these facts, we find that the trial court did not give appellant any assurance, before appellant entered his plea, that he could effectively appeal the denial of the motion to suppress.

We hold appellant's plea was entered without an agreed punishment recommendation and was not conditioned upon appellant's right to appeal the trial court's ruling on his pre-trial motion; therefore, appellant waived all errors, except jurisdictional defects.

Accordingly, we affirm the judgment of the trial court.