Cornelius WYATT, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–184 CR.

Court of Appeals of Texas,
Beaumont.

Oct. 20, 1993.

Tom Brown, Livingston, for appellant.

Robert Hill Trapp, Dist. Atty., Coldspring, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

BURGESS, Justice.

A single indictment charged Cornelius Wyatt with aggravated robbery and aggravated sexual assault. Appellant entered an unagreed guilty plea to both counts and elected to have the jury assess punishment. Appellant was sentenced to confinement in the Texas Department of Criminal Justice, Institutional Division, for seventeen years on the aggravated robbery and forty-five years on the aggravated sexual assault. Appellant's sole point of error urges "The trial court erred by denying Appellant's motion to suppress Appellant's recorded custodial statement which was the result of an illegal arrest."

Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972). Appellant argues that the Court of Criminal Appeals "effectively 'repealed' the *Helms*

rule for all purposes" in *Lemmons v. State,* 818 S.W.2d 58 (Tex.Crim.App.1991). Appellant contends that pretrial error is not waived by a subsequent guilty plea, but if the plea is the result of a plea bargain in a felony case, certain specific notice requirements are imposed. We agree with appellant that certain specific notice requirements are imposed where the appeal follows a plea bargain, as stated in *Lemmons:* "Thus the Court accepted legislative abrogation of the *Helms* rule *in plea bargain cases,* and for all intents and purposes finally interred it." *Id.* 818 S.W.2d at 61–62 (emphasis added). We disagree with the remainder of his position even though the State does not challenge his interpretation of the law.

■ Appellant has a right to appeal after entering an unagreed plea of guilt. TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). This right of appeal is not encumbered by the procedural restrictions imposed upon plea bargained guilty pleas. *Id., see also,* TEX.CODE CRIM.PROC.ANN. art. 26.-13(a)(3) (Vernon 1989). The record reflects that appellant entered a plea of guilty in the absence of a plea bargain. The rule remains that when there is no plea bargain and a plea of guilty is knowingly made, all nonjurisdictional defects that occurred before entry of the plea, including claimed deprivations of federal due process, are waived. *Wise v. State,* 857 S.W.2d 813 (Tex.App.—Houston [14th Dist.] 1993, no pet.); *Hall v. State,* 853 S.W.2d 756 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Morris v. State,* 837 S.W.2d 789 (Tex.App.—Houston [14th Dist.] 1992, no pet.). "If there has been a plea of guilty or nolo contendere, it is only possible to appeal rulings on pre-trial motions when there has been an agreement as to punishment, otherwise the *Helms* rule applies and all nonjurisdictional defects are waived." *Jackson v. State,* 841 S.W.2d 38, 39 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

■ We find nothing in the record to suggest that appellant entered his plea on the condition that error would be preserved. *Jackson,* 841 S.W.2d at 40. Nor did the trial court give appellant any assurances that he could effectively appeal the denial of his motion to suppress. *See, Larson v. State,* 759 S.W.2d 457 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989). The sole point of error is overruled. We affirm the judgment.

AFFIRMED.