Johnson-AD v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-100-CR

     AMELIA D. JOHNSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 13,808
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Amelia D. Johnson was found guilty by a jury of aggravated assault with a deadly
weapon. Appellant was an inmate of the Mountain View Unit of the Texas Department of
Criminal Justice, Institutional Division, on the occasion in which she hit Yvonne Mighell (who
was a correctional officer) about the body and head with her fists and attempted to stab Mighell
in the chest with a curling iron, resulting in a cut to the back of her head, two cuts on the top of
her head, and several bruises on her upper body. After the punishment hearing the jury assessed
Appellant's punishment at life in the Texas Department of Criminal Justice, Institutional Division.
      Appellant, in her sole point of error on appeal, asserts that she received ineffective assistance
of counsel in that her counsel failed to timely and properly object to certain prejudicial and
inadmissible evidence during the punishment phase of the trial. We will overrule Appellant's
point and contentions and affirm the trial court's judgment.
      The proper test of effectiveness of counsel during the punishment phase of a non-capital case
is determining first whether counsel was reasonably likely to render effective assistance and
secondly whether counsel in fact rendered effective assistance. Ex parte Duffy, 607 S.W.2d 507
(Tex. Crim. App. 1980); Craig v. State, 825 S.W.2d 128 (Tex. Crim. App. 1992). Under this
standard the sufficiency of an attorney's assistance is gauged by the totality of the representation
of the accused. Ex parte Cruz, 739 S.W.2d 53 at page 58 (Tex. Crim. App. 1987); this
constitutional right to counsel does not mean errorless counsel or counsel whose competency is
to be judged by hindsight. Ex parte Cruz, supra.
      As stated, Appellant complains that her trial counsel was ineffective in failing to object to
evidence of unadjudicated extraneous offenses as well as evidence of her reputation in the
community for violence elicited during the punishment phase of her trial. Appellant's complaints
were lodged against testimony of the following State's witnesses:
(1) Ronny Cline, an officer of the Temple Police Department, who testified that he
first met Appellant in 1976 while investigating an aggravated assault concerning
Appellant. He further testified that in 1991 he was a witness against Appellant in a
federal possession of a weapon case in Waco; that through the years he had formed an
opinion as to Appellant's reputation in the community for violence and that her reputation
was bad.
(2) Brent Button, Sheriff of Hill County, Texas, testified concerning a homicide in
which Appellant was involved in Hill County, and further testified that her general
reputation in the community was bad, and that she was a violent person. Sheriff Button
also testified that some nearby neighbors found the body of the deceased in the trunk of
a car abandoned on the side of a road near Abbott, Texas, and the deceased's body was
bloody and in poor condition.
(3) Murff Bledsoe, Assistant District Attorney of Bell County, testified that he knew
Appellant after prosecuting her in 1991 for murder and aggravated kidnaping; the State
offered in evidence a copy of the judgment of conviction for aggravated kidnapping;
Appellant's counsel objected because the judgment was not certified; the trial court
sustained Appellant's objection; thereafter the State proved by Mr. Bledsoe the name of
the judge in the case, the defense attorney, the prosecutors and the date of the judgment. 
Mr. Bledsoe, in answer to how he knew Sheriff Button, testified that he met him during
the investigation and prosecution of the murder and aggravated kidnapping cases in which
Ms. Johnson was the defendant. Bledsoe also testified that Appellant's general reputation
as a peaceable law-abiding citizen was bad and that she was a violent person.
      Admissibility of evidence in the punishment phase which is complained of here by Appellant
is governed by Art. 37.07, § 3(a), Texas Code of Criminal Procedure, which was in effect on
October 2, 1993, the alleged date of Appellant's offense, the pertinent part of which reads as
follows:
                  (a) Regardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant as to
any matter the court deems relevant to sentencing, including but not limited to
the prior criminal record of the defendant, his general reputation, his character,
an opinion regarding his character, the circumstances of the offense for which
he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of
Criminal Evidence, any other evidence of an extraneous crime or bad act that
is shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act . . . .
      All of the evidence complained of by Appellant is admissible under Art. 37.07, § 3(a), Texas
Code of Criminal Procedure, the pertinent portion of which is hereinabove quoted. See
Standerford v. State, No. 2-94-511-CR, slip op. (Tex. App.—Fort Worth, August 8, 1996, pet
filed). Counsel is not ineffective for failure to raise an objection that lacks merit. Hall v. State,
853 S.W.2d 756, 759 (Tex. App.—Houston [14th Dist.] 1993, pet ref'd).
      Judgment of the trial court is affirmed.
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Davis
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed November 20, 1996
Do not publish