Alberto Flores GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–95–00268–CR.

Court of Appeals of Texas,
El Paso.

March 20, 1997.

H. Thomas Hirsch, Hirsch, Stroder & Hobbs, L.L.P., Odessa, for Appellant.

John W. Smith, District Attorney, Odessa, for State.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

McCLURE, Justice.

Alberto Flores Gonzales appeals his conviction of possession of less than one gram of cocaine. Appellant waived his right to a jury trial and entered a non-negotiated plea of

guilty. The trial court found him guilty and assessed his punishment at confinement in a state jail facility for one year, probated for three years, and a $1,000 fine. Appellant raises a single point of error on appeal challenging the trial court's denial of his motion to suppress. We reverse and remand.

Appellant contends that the trial court erred in denying his pretrial motion to suppress evidence. Because Appellant entered a non-negotiated plea of guilty, we ordinarily would find that this point of error is waived under the *Helms* rule which provides that a non-negotiated guilty plea is conclusive as to the defendant's guilt and waives all nonjurisdictional defects, including claimed deprivation of federal due process, occurring prior to the guilty plea. *Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex.Crim.App. 1995); *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972); *see also* Jack v. State, 871 S.W.2d 741, 743 (Tex.Crim.App.1994).[1] However, this waiver rule is predicated on a knowing and voluntary plea of guilty. *Shallhorn v. State*, 732 S.W.2d 636, 639 (Tex.Crim. App.1987). The record before us demonstrates that this was a conditional plea, thus precluding application of the *Helms* waiver rule.

To demonstrate the conditional nature of Appellant's guilty plea, we set forth the following discussion which occurred between the trial court, Appellant, and Appellant's counsel at the guilty plea proceeding:

> The Court: All right. At this time the district attorney is going to read the indictment. Once it is read, you will enter your plea.

> Appellant's Counsel: Your Honor, prior to—and I don't know at which time it would be proper. But we would like to reurge our Motion To Suppress which has been heretofore urged and orally overruled by the Court. I don't think there has been an order—an actual order, but we understand the Court has overruled it and we would reurge it at this time.

> The Court: All right. I am not sure if a— I don't think a written order has been entered, so let me state on the record if it has not previously been done. That a Motion To Suppress was filed with the Court and it has been heard by the Court. I have reviewed the law, and while I don't find any cases exactly on point, I have overruled the Motion To Suppress the fruits of the search. And that motion questioned the validity of the search warrant and the affidavits upon which the warrant was based, and I have overruled that Motion To Suppress and I continue to do so at this time.

> Appellant's Counsel: Thank you, Your Honor. We are ready to proceed with this.

> The Court: And let me say this. I will allow you a continuing exception to the Court's ruling throughout these proceedings at all points that it would be relevant.

> Appellant's Counsel: Thank you.

> . . .

---

1. We have recently been presented with several cases in which a defendant has attempted to appeal following the entry of an open or non-negotiated plea of guilty. In some of those cases, the trial court has, as in the instant case, mistakenly assured the defendant that he retained the right to appeal certain pretrial matters. We believe that the confusion arises out of a failure to distinguish the effect of a negotiated and non-negotiated plea of guilty upon the right of appeal. Because of the persistent nature of this problem, we will reiterate this important distinction. In the case of a *non-negotiated* plea of guilty, the *Helms* rule will bar appeal of all nonjurisdictional defects occurring prior to entry of the guilty plea. Thus, the defendant may not appeal a ruling on a pretrial motion to suppress following the entry of an open plea of guilty or no contest. It is only when the defendant enters a *negotiated* plea of guilty or nolo contendere pursuant to TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp. 1997), and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, that a defendant may appeal a non-jurisdictional defect that occurred before or after the plea or an error that occurred prior to entry of the plea. TEX.R.APP.P. 40(b)(1); *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994). Even then, the defendant must comply with the extra-notice requirements of Rule 40(b)(1) in order to confer jurisdiction on this Court. *Davis*, 870 S.W.2d at 46.

The Court: All right. Now, do you understand that if you persist in pleading guilty here today, that I will be finding that you are guilty of having committed this crime, do you understand that?

Appellant: Yes, sir.

The Court: Okay. And all of your traditional rights, except the right to appeal the decision of the Court on the Motion To Suppress, your rights to appeal will be gone except for the right to appeal, all your other rights will be gone. Do you understand that, sir?

Appellant: Yes, sir.

The Court: You are—although you are pleading guilty, you do still wish to question the Court's decision upholding the search warrant? You do want to do that; is that correct?

Appellant: (Indicating in the affirmative).

Appellant's Counsel: That is correct, Your Honor.

■ It is apparent from this discussion that Appellant, his attorney, and the trial judge all were laboring under the false impression that Appellant could appeal the denial of the motion to suppress despite the entry of his plea of guilty. If an open plea is entered on the mistaken understanding that the merits of a pretrial motion may be raised on appeal, the plea is not knowingly and voluntarily entered. *Christal v. State,* 692 S.W.2d 656, 659 (Tex.Crim.App.1985)(opinion on reh'g). Although Appellant does not raise a point on appeal challenging the voluntariness of his plea, no specific assignment of error is required where, as in this case, the record shows that an impermissible conditional plea of guilty has been entered. *Christal,* 692 S.W.2d at 656 n. 2; *Crawford v. State,* 624 S.W.2d 906, 909 (Tex.Crim.App. 1981); *Lynch v. State,* 903 S.W.2d 115, 119 n. 3 (Tex.App.—Fort Worth 1995, no pet.); *Wise v. State,* 857 S.W.2d 813, 814 (Tex. App.—Houston [14th Dist.] 1993, no pet.); *Davila v. State,* 767 S.W.2d 205, 206 (Tex. App.—Corpus Christi 1989, no pet.). Having concluded that Appellant's plea is involuntary, we are mandated to reverse Appellant's conviction and remand this cause to the trial court for a new trial without addressing the contentions raised on appeal. *See Broddus v. State,* 693 S.W.2d 459, 461 (Tex.Crim.App. 1985)(court of appeals erred in addressing merits of motion to suppress in interest of judicial economy where defendant's conditional plea was involuntary; court of appeals lacked jurisdiction to rule on merits of the appeal under the *Helms* rule and also lacked authority to enforce the condition on which the plea was based); *see also Jackson v. State,* 841 S.W.2d 38, 40 (Tex.App.—Houston [14th Dist.] 1992, no pet.)(follows *Broddus,* but criticizes "appellate orbit" it creates).