TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00683-CR






Mark William Ivey, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY

NO. 695180, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



 Appellant Mark William Ivey appeals the trial court's decision to place him on two
years' probation following his conviction for driving while intoxicated. We affirm.

 Ivey was arrested and charged by information and complaint with the offense of
driving while intoxicated. Before trial, Ivey elected to have the jury assess punishment in the event
of a conviction. The jury found Ivey guilty. During the punishment phase of the trial, the State
presented three witnesses who testified about the conditions of probation for the offense of driving
while intoxicated and Ivey's eligibility for probation. Ivey testified that he was offered probation,
but that he would rather spend time in jail. The jury returned a verdict assessing thirty-five days in
the Travis County Jail and a $2,000.00 fine. However, the trial court suspended imposition of the
jury's sentence and placed Ivey on probation for two years. The trial court's order placed conditions
on probation such as requiring Ivey to serve thirty days in the Travis County Jail, perform sixty hours
of community service, report regularly to a probation officer, and attend counseling and education services.

 Ivey's issues on appeal can be grouped into three general contentions. He asserts that
the trial court erred by: (1) suspending imposition of sentence; (2) allowing testimony from three
witnesses concerning the conditions of probation for the offense of driving while intoxicated and his
eligibility for probation; and (3) imposing jail time as a condition of probation. 

 Ivey contends that the trial court erred by suspending imposition of the sentence and
placing him on probation because he did not apply for jury recommended probation under article
42.12, section 4 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art. 42.12 § 4
(West 2006). Under that section, a defendant is eligible for jury recommended probation "only if
before the trial begins the defendant files a written sworn motion with the judge that the defendant
has not previously been convicted of a felony in this or any other state, and the jury enters in the
verdict a finding that the information in the defendant's motion is true." Id. § 4(e). The trial judge
is required to suspend the imposition of the sentence and place the defendant on probation if the jury
makes that recommendation in the verdict. See id. § 4(a).

 We agree with Ivey that he was ineligible for jury recommended probation under
article 42.12, section 4 due to his failure to comply with the requirements of that section. 
Nevertheless, the trial judge was authorized to suspend the imposition of the sentence and order
probation under article 42.12, section 3 of the code of criminal procedure, which provides: 


 A judge, in the best interest of justice, the public, and the defendant, after conviction 
or a plea of guilty or nolo contendere, may suspend the imposition of the sentence
and place the defendant on community supervision or impose a fine applicable to the
offense and place the defendant on community supervision. 



Id. § 3(a). Unlike article 42.12 section 4, which governs jury recommended probation, article 42.12,
section 3 does not require the defendant to file a sworn motion to be eligible for probation. The trial
judge may suspend the imposition of the sentence if the defendant has been convicted and it appears
in the best interest of justice, the public, and the defendant to place the defendant on probation. 
See id. 

 In this case, the jury convicted Ivey of driving while intoxicated. Ivey testified during
the punishment phase of the trial that he was not impaired despite a .165 blood alcohol level. He
also stated, "Yes, I will drive again with alcohol in my system." After the jury returned its verdict
sentencing Ivey to thirty-five days in the county jail plus a $2,000.00 fine, the trial court offered the
following explanation for suspending the imposition of the sentence and placing Ivey on probation:


 Under the powers that exist for judges in the Code of Criminal Procedure, I am going
to instead place Mr. Ivey on probation. After speaking with the jury, it is their intent
that he receive some services in the community, and I think that that's appropriate to
protecting the public interest of this community, that Mr. Ivey receive some
counseling and is evaluated to make sure that there is no other problems that may
prohibit him from moving forward at this point. 



On this record, it appears that the trial court concluded that placing Ivey on probation would be in
the best interest of justice, the public, and Ivey. We conclude that the trial judge was authorized
under article 42.12, section 3 of the code of criminal procedure to suspend the imposition of the
sentence and place Ivey on probation. 

 In his next group of issues, Ivey contends that the trial court erred by admitting
testimony from three witnesses concerning the conditions of probation for the offense of driving
while intoxicated and his eligibility for probation. We summarize the testimony in question as
follows: Anna Marie De La Rosa, a Travis County probation officer, testified regarding the
conditions of probation for the offense of driving while intoxicated. She explained to the jury that
a defendant would not receive alcohol or substance abuse counseling if he were sentenced to
"straight" jail time. Next, Ron Nelson, an employee at the Travis County Counseling and
Educational Services, testified regarding the typical counseling requirements for a defendant placed
on probation following a conviction for driving while intoxicated. Lastly, Bill Swaim, an assistant
Travis County Attorney, testified about the requirements for a defendant to be eligible for jury
recommended probation under article 42.12, section 4 of the code of criminal procedure. He also
testified regarding the mandatory conditions of probation for driving while intoxicated. On appeal,
Ivey contends that the testimony from these three witnesses "was unfairly prejudicial and confused
the issues before the jury." See Tex. R. Evid. 403.

 Under article 37.07 of the code of criminal procedure, "Regardless of the plea and
whether the punishment be assessed by the judge or the jury, evidence may be offered by the state
and the defendant as to any matter the court deems relevant to sentencing." Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a) (West 2006). "Relevant" evidence in the punishment context is that which
helps the jury "tailor the sentence to the particular offense" and "tailor the sentence to the particular
defendant." Najar v. State, 74 S.W.3d 82, 86 (Tex. App.--Waco 2002, pet. ref'd) (quoting Rogers
v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)). The legislature intended article 37.07 to
establish a policy of full disclosure at sentencing. Coy v. State, 831 S.W.2d 552, 554
(Tex. App.--Austin 1992, no pet.). 

 In this case, during his opening statement, the prosecutor explained to the jury his
reasons for offering testimony from De La Rosa, Nelson, and Swaim: 


 In order for you to understand how much jail time is appropriate for this case, what
we're trying to do here today is to show you what would have been required if we'd
been properly allowed to grant Mr. Ivey a term of probation.

 

 Probation--you're going to hear from a probation officer who is going to tell you
about counseling requirements, supervision requirements, urinalysis requirements,
and various other requirements that are all part of what's a standard probation term
for a defendant who is on community supervision.


 . . . .


 And then . . . you're going to hear testimony, potentially, from a assistant county
attorney about--just explaining some of the law on how all of this stuff works and
how we've gotten to the point where we're not able to allow a probation sentence and
why we are only able to ask for a jail sentence and what would be an appropriate
sentence on that case.


Thus, it appears that the trial court admitted the testimony from De La Rosa, Nelson, and Swaim to
give the jury complete information about the punishment options for driving while intoxicated so
that it could "tailor the sentence to the particular offense." See Rogers, 991 S.W.2d at 265. None
of the testimony from these three witnesses suggested to the jury that Ivey was eligible for jury
recommended probation. Nor did the testimony from these witnesses suggest to the jury that it
should reach its decision on an improper basis, such as an emotional one. On this record, we are of
the view that the probative value of the testimony in question was not substantially outweighed by
the danger of unfair prejudice or misleading the jury. See Tex. R. Evid. 403; Torres v. State,
794 S.W.2d 596, 600 (Tex. App.--Austin 1990, no pet.). 

 However, even if the trial court erred by admitting this testimony, Ivey has not
demonstrated reversible error. The erroneous admission of evidence is not constitutional error. 
Roethel v. State, 80 S.W.3d 276, 281 (Tex. App.--Austin 2002, no pet.). We use rule of appellate
procedure 44.2(b) to determine whether the error warrants reversal. Id. Rule 44.2(b) provides that
any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights
must be disregarded." Tex. R. App. P. 44.2(b). An error affects a substantial right of the defendant
when it has a substantial and injurious effect or influence in determining the jury's verdict. Garcia
v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004) (citing Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998)). Ivey has not demonstrated that he received a longer sentence or was
harmed by the admission of the testimony concerning the conditions of and his eligibility for
probation. Therefore, any error in the trial court's admission of the testimony was
not reversible error.

 In this third group of issues, Ivey contends that the "the trial court erred in imposing
days as a condition of probation the length of which was greater than the sentence given by the jury." 
The trial court's order of probation required Ivey to spend thirty days in the Travis County Jail. (1) This
period of confinement is less than the thirty-five day period of confinement assessed by the jury. 
Therefore, we disagree with Ivey that the trial court's order of probation required a longer period of
confinement than the period of confinement assessed by the jury. 

 Ivey also contends that "the jury in [Ivey's] case understood when they sentenced
[Ivey] to thirty five days in jail that he was eligible to have good behavior credit and days already
served applied to that sentence and that he would serve fewer than thirty five real days in jail." The
record shows that at trial, the prosecutor, defense counsel, and the trial judge had a discussion
outside the presence of the jury to determine whether the State could present evidence that a
defendant may earn time off the period of incarceration imposed through the award of good conduct
time under article 37.07 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art.
37.07 § 4 (West 2006). The trial judge ruled that article 37.07, section 4 did not apply to Ivey's
misdemeanor case and told the prosecutor, "I don't think that you can put in evidence of good time
credit." Thus, the issue whether Ivey could receive a shorter period of confinement due to good
conduct time was never before the jury. Furthermore, the record is silent as to whether Ivey spent
any time in jail after his arrest and prior to sentencing. Ivey's assertion that the jury intended that
he serve fewer than thirty-five "real" days in jail is not supported by the record. We overrule Ivey's
points of error and affirm the conviction.

 

 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: August 30, 2007

Do Not Publish

1. In a misdemeanor case such as Ivey's, thirty days' confinement in the county jail is the
maximum number of days a judge may require as a condition of probation. See Tex. Code Crim.
Proc. Ann. art. 42.12 § 12(a) (West 2006).