**James Edward BRODDUS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 951–83.

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

---

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Ray Elvin Speece, and Brian Rains, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was charged in a six count indictment with six aggravated robberies. Appellant filed a written pretrial motion to suppress his confession and a motion to suppress an illegal identification. After a hearing, the trial court overruled both motions. Thereafter, appellant pled guilty to all counts without the benefit of an agreed recommendation as to punishment. The trial court assessed punishment at fifty years' confinement in the Texas Department of Corrections on each count, the sentences to run concurrently.

In an unpublished opinion, the Houston [14th] Court of Appeals reversed and remanded the cause for new trial. *Broaddus v. State*, No. C14–8–120–CR, delivered August 4, 1983, (Tex.App.-Houston). Appellant contended before the lower court that his plea was involuntary because it was induced by false assurances from the trial court that the ruling on the motion to suppress the confession would be reviewable on appeal. The record reflects that the prosecutor, defense counsel and the trial judge were operating under the false assumption that appellant would be entitled to appeal the denial of his motion to suppress following appellant's plea of guilty. The Court of Appeals, relying on *Wooten v. State*, 612 S.W.2d 561, 563 (Tex.Cr.App. 1981), found that appellant's guilty plea was involuntary in that it was based "at least in part, on the court's erroneous assurance that his right to appeal the ruling on the motion to suppress would be preserved." In the interest of judicial economy, the Court of Appeals did proceed to review the trial court's ruling on appellant's motion to suppress the confession and found the trial court's ruling to be correct. However, because of this Court's holding in *Wooten v. State*, supra, the case was reversed and remanded for a new trial.

In its petition for discretionary review, the State argues first that we should apply the general rule of harmless error and hold that where the trial court errs by accepting a conditional plea which is conditioned upon review of the issues raised in a pretrial motion, the error is harmless when a review of the issue shows that the trial court properly overruled the pretrial motion. The State maintains that since the Court of Appeals has already reviewed the trial court's ruling, this Court must review only the ruling made by the Court of Appeals. *Martin v. State*, 652 S.W.2d 777 (Tex.Cr. App.1983). In the alternative, the State argues that the correct remedy is not to reverse and remand, but to give appellant in effect "specific performance." That is to say, fulfill the condition upon which the plea rested. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

Article 44.02, V.A.C.C.P., provides that rulings made on written pretrial motions

may be appealed when the defendant enters a plea of guilty or a plea of nolo contendere and the court assesses punishment which does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Article 44.02 does not apply in the instant case, however, because there was no recommendation as to punishment. Thus, the rule announced in *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972), applies:

> "Where a plea of guilty is *voluntarily and understandingly made*, all nonjurisdictional defects including claimed deprivation of federal due process are waived. (Citations omitted)." (Emphasis Added).

See also *King v. State*, 687 S.W.2d 762 (Tex.Cr.App.1985); *Kass v. State*, 642 S.W.2d 463 (Tex.Cr.App.1981); *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979); *Prochaska v. State*, 587 S.W.2d 726 (Tex. Cr.App.1979). Clearly, appellant was not entitled to appeal the denial of his motion to suppress. Because appellant entered his plea with the understanding that the denial of his motion to suppress could be preserved for appeal, we find that his plea was not entered voluntarily or knowingly. *Christal v. State*, 692 S.W.2d 656 (Tex. Cr.App.1985); *Harrelson v. State*, 692 S.W. 2d 659 (Tex.Cr.App.1985).

We find that the alternatives suggested to us by the State are totally unacceptable in that they promise relief on a remedy which this Court is not empowered to employ: review of appellant's pretrial motion to suppress. Furthermore, we find that *Santobello v. New York*, supra, does not apply in that its rationale was based on a contractual agreement—the plea bargain. The instant case involved no plea bargain— there was no contractual agreement.

We find that we must follow our previous holdings in *Christal v. State*, supra and *Harrelson v. State*, supra. Because appellant's understanding as to his right to appeal after his guilty plea was erroneous, we hold that his plea was not entered voluntarily or knowingly.

The judgment of the Court of Appeals is affirmed and the cause is reversed and remanded for a new trial.

CLINTON, J., not participating.

TEAGUE, Judge, dissenting.

I respectfully dissent to this Court granting James Edward Broaddus, appellant, a new trial, and not reviewing the issue whether the court of appeals correctly held that the trial court did not err in denying his motion to suppress his confession. Such cases as *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.1971);[1] *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr. App.1968), and their progeny should be expressly overruled, and a new and better rule of law should be formulated and adopted by this Court to handle such cases as this one, rather than to simply grant a new trial as it does.

The record in this cause makes it perfectly clear that all that the appellant really sought through his appeal was a review by an appellate court of the hearing and the ruling of the trial court on his motion to suppress his confession. The Houston Fourteenth Court accommodated him, but I am sure that their ruling, that "there was ample evidence to support the trial court's finding that [his] confession was freely and voluntarily given," did not make appellant and his counsel happy. However, what I am sure did make them happy was when the court of appeals further accommodated them by granting appellant a new trial

1. I am unaware of a single prosecuting, defense attorney, or trial judge in this great State of Texas who believes that the rules laid down by the above decisions of this Court comport with justice and fairness. In fact, the trial and appellate attorney in *Killebrew v. State*, supra, was none other than my brother on the bench Judge Sam Houston Clinton. I am sure that both Judge Clinton and Judge Tom Blackwell, who was the trial judge in that cause, were both shocked and amazed when they learned that this Court would not review Judge Blackwell's decision to overrule the defendant's motion to suppress evidence, which I am sure was quite detailed, after what I am sure was a rather lengthy hearing, but, instead, granted the defendant a new trial.

because it found that his plea of guilty was involuntary under this Court's *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981), *Prochaska v. State*, 587 S.W.2d 726 (Tex. Cr.App.1979), and *Helms*, supra, line of cases.

The majority states that when a defendant has received a pretrial hearing on a motion, which was overruled or denied by the trial court, and he thereafter pleads guilty or nolo contendere on the assumption that he can appeal the hearing and the trial court's decision, an appellate court is powerless to review the contention that the trial court erred in overruling or denying his motion. However, an appellate court, including this Court, is only powerless to review such contention because of court made law which has removed the gunpowder from the gun. I would vote to put the gunpowder back into the gun and give appellate courts, including this Court, the authority to review such a contention as appellant makes in this cause.

There has got to be a better way. The majority's decision not to formulate a better way to handle such a contention as is present in this cause, other than to simply grant a new trial, causes the wheels of justice not to move either quickly or forward, but, instead, backwards.

I dissent.

W.C. DAVIS, J., joins.