IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-021-CR




STEVE EDMOND WALKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT



NO. 18,142, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING


 





PER CURIAM

 After appellant pleaded no contest and judicially confessed, the district court found
him guilty of possessing more than five pounds but less than fifty pounds of marihuana. Tex.
Health & Safety Code Ann. § 481.121 (West 1992). The court assessed punishment at
imprisonment for sixteen years.

 In two points of error based on the United States and Texas constitutions
respectively, appellant contends the trial court erroneously overruled his pretrial motion to
suppress evidence. These points were waived, however, by appellant's nonnegotiated plea of no
contest. Broddus v. State, 693 S.W.2d 459 (Tex. Crim. App. 1985); Helms v. State, 484
S.W.2d 925 (Tex. Crim. App. 1972).

 While admonishing appellant before accepting his plea, the court told him:



 Mr. Walker, concerning Appellant [sic] rights, of course you have the right
to appeal any case, virtually and you have the right to appeal this case and I know
that you're not exactly delighted with my rulings on the Motion to Suppress in this
case and of course, you have the right to appeal this case.



The day before, at the hearing on appellant's motion to suppress, the court suggested to defense
counsel that he introduce in evidence the allegedly defective warrant "[t]o assist the Court of
Appeals in reviewing this." Because it appears that appellant entered his plea of no contest with
the assurance of the trial court that the overruling of the motion to suppress could be reviewed on
appeal, we are constrained to hold that appellant's plea was not voluntarily and knowingly
entered. Broddus, 693 S.W.2d at 461; Shallhorn v. State, 671 S.W.2d 730 (Tex. App.--Fort
Worth 1984), aff'd 732 S.W.2d 636 (Tex. Crim. App. 1987); see Lemmons v. State, 818 S.W.2d
58, 63-64 n.7 (Tex. Crim. App. 1991).

 The judgment of conviction is reversed and the cause is remanded for a new trial.


[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: October 7, 1992

[Do Not Publish]