IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-431-CR





ANTHONY BOLIEU,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 921624, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 





PER CURIAM

 After appellant pleaded guilty and judicially confessed, the district court found him
guilty of possessing less than twenty-eight grams of heroin, a controlled substance, and assessed
punishment at imprisonment for twelve years. Tex. Health & Safety Code Ann. § 481.115 (West
1992). In his first point of error, appellant contends his guilty plea was not knowingly and
voluntarily entered. The State confesses error. 

 The record reflects that appellant pleaded guilty on the understanding that he could
appeal the overruling of his pretrial motion to suppress evidence. At the sentencing hearing,
defense counsel stated to the court, "His plea was conditioned on the ability to appeal." The
court replied, "Yes, we understand all of that." In addition, the judgment recites that the court
"gives its permission to the defendant that he may prosecute an appeal on any matter in the case
including those matters raised by written motions filed prior to trial." Appellant's guilty plea was
not a negotiated plea, however, and thus any error attending the overruling of the motion to
suppress was waived. Broddus v. State, 693 S.W.2d 459 (Tex. Crim. App. 1985); Helms v.
State, 484 S.W.2d 925 (Tex. Crim. App. 1972). Because it appears that appellant entered his plea
of guilty with the assurance of the trial court that the overruling of the motion to suppress could
be reviewed on appeal, we are constrained to hold that the plea was not voluntarily and knowingly
entered. Broddus, 693 S.W.2d at 461; see Lemmons v. State, 818 S.W.2d 58, 63-64 n.7 (Tex.
Crim. App. 1991).

 The first point of error is sustained. Because of our disposition of this point, we
need not address the remaining points of error.

 The judgment of conviction is reversed and the cause is remanded for a new trial.


Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: October 27, 1993

Do Not Publish