**George GILLUM, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–90–00359–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 9, 1995.

Discretionary Review Refused
March 20, 1996.

---

was charged by indictment with seven counts of forgery. After the trial court denied his motion to suppress, appellant pled guilty without an agreed recommendation and asked the jury to assess his punishment. The State abandoned one of the counts, and the jury assessed appellant's punishment on the first count at imprisonment for three years and a $10,000 fine. The jury assessed appellant's punishment on each of the remaining five counts at imprisonment for ten years, probated for ten years, and a $10,000 fine.

### Sole point of error

In his sole point of error, appellant contends that the trial court erred in denying his pretrial motion to suppress evidence seized during the execution of a search warrant at his place of business. Appellant argues that the search exceeded the scope of the warrant. Because appellant entered a guilty plea without an agreed recommendation as to punishment, we are unable to address the merits of appellant's complaint. *Helms v. State,* 484 S.W.2d 925, 927 (Tex. Crim.App.1972). Furthermore, as we explain below, it is clear from the record that appellant's plea was impermissibly conditioned on the right to appeal the merits of his pretrial motion to suppress. Accordingly, we reverse and remand.

Relying on *Tallant v. State,* 742 S.W.2d 292, 294 (Tex.Crim.App.1987), the State argues that we should permit the State to waive application of the *Helms* rule. The State argues that *Tallant* stands for the proposition that "the State waives a defendant's failure to preserve error by failing to point it out in a timely fashion in its reply brief in the Court of Appeals." Thus, the State argues, "[t]here would seem to be no reason why such a waiver could not be accomplished by express disavowal of reliance upon a rule pertaining to preservation of error, rather than by mere inaction." *Tallant,* however, did not involve a plea of guilty without an agreed recommendation.

We find that *Broddus v. State,* 693 S.W.2d 459 (Tex.Crim.App.1985), is directly contrary

Wilford A. Anderson, Houston, for Appellant.

John B. Holmes, Houston, Williams J. Delmore, 3rd., Houston, Casey O'Brien, Houston, for Appellees.

Before OLIVER–PARROTT, C.J., and MIRABAL and WILSON, JJ.

### OPINION

OLIVER–PARROTT, Chief Justice.

This case presents the question of whether the State may waive application of the *Helms*[1] rule. The appellant, George Gillum,

---

1. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim. App.1972).

to the State's position. In *Broddus*, the defendant pled guilty without an agreed recommendation after the trial court denied his pretrial motion to suppress. *Id.* at 460. The court of appeals held that the defendant's plea was involuntary because it was based on the erroneous assumption that his right to appeal the *ruling on the motion to suppress* would be preserved. *Id.* In the interest of judicial economy, the court of appeals went on to review the trial court's ruling on the motion to suppress and found the trial court's ruling to be correct. The court of appeals *nevertheless* reversed and remanded, based on the defendant's involuntary plea. *Id.*

In the Court of Criminal Appeals, the State argued that the correct remedy was not to reverse and remand, but to give appellant "specific performance" by fulfilling the condition upon which the plea was made. The Court of Criminal Appeals called this approach "*totally unacceptable* in that [it] promise[s] relief on a remedy which this Court is not empowered to employ: review of appellant's pretrial motion to suppress." *Id.* at 461.

The State attempts to distinguish *Broddus* in the following manner: "Previous holdings that appellate courts are unable to provide specific performance of the defendant's desire for review of non-jurisdictional defects after entry of an unnegotiated plea, such as [*Broddus* ], have not addressed the issue of whether the State may waive the defendant's waiver." We believe the State has misconstrued *Broddus*. *Broddus* dealt with the *State's* desire for review of non-jurisdictional defects, not the defendant's. Allowing the State to waive application of the *Helms* rule would effectively give appellant "specific performance," something we are not empowered to do. *Broddus* is thus clearly applicable to this case, and prevents us from allowing the State to "waive" application of the *Helms* rule. *See Jackson v. State*, 841 S.W.2d 38, 40 (Tex.App.—Houston [14th Dist.] 1992, no pet.).

■ If a defendant pleads guilty or no contest on the false understanding that the merits of a pretrial motion would be preserved for appeal, the defendant's plea is not voluntarily and understandingly made.

*Christal v. State*, 692 S.W.2d 656, 658 (Tex. Crim.App.1985). In this case, the record reflects that appellant's plea was conditional, and therefore impermissible. At the plea proceeding, the following colloquy occurred:

DEFENSE ATTORNEY: So the record is also clear, Mr. Gillum's also aware that even though he's entering a plea of guilty to the seven counts of the indictment that it doesn't waive his right to appeal the suppression hearing, which was conducted at the prior start [sic] of this trial; so he understands his rights.

THE COURT: All right . . .

Because appellant pleaded guilty with the understanding that the search issue could be preserved on appeal, his plea. was not entered voluntarily or knowingly. *Christal*, 692 S.W.2d at 659.

We reverse the judgment of the trial court and remand the case for further proceedings.