NUMBER 13-99-315-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


FIDENCIO TORRES PAZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 105th District Court


of Kleberg County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Justice Dorsey



 On February 8th, 1999, appellant Fidencio Torres Paz pleaded
guilty without a plea bargain to the offense of unlawful possession of
marijuana. The trial court accepted his plea and sentenced him to five
years in prison with a $5,000 fine. Though appellant brought eight
points of error, alleging violations of both the U.S. and Texas
Constitutions, we consider them together as they all center on the same
issue: ineffective counsel and the voluntariness of appellant's entered
plea. We reverse and remand to the trial court with orders to reinstate
the State's plea bargain offer.

 We first address the issue of whether appellant waived appeal. A
valid plea of guilty or nolo contendere "waives" or forfeits the right to
appeal a claim of error only when the judgment of guilt was rendered
independent of, and is not supported by, the error. Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000)(en banc). [i.e., it was an
"open" plea]. Before a plea of guilty or plea of nolo contendere may be
accepted by the court, it must be freely and voluntarily given by a
mentally competent defendant. Tex. Code Crim. Proc. Ann. § 26.13(b)
(Vernon 1987). However, a defendant's election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done
voluntarily and knowingly. Ex parte Battle, 817 S.W.2d 81 (Tex. Crim.
App. 1991). When the plea is not voluntarily given, the waiver rule
does not apply. See Broddus v. State, 693 S.W.2d 459, 460 (Tex. Crim.
App. 1985). Here, appellant claims that his plea was based on the
erroneous advice of his counsel and therefore, it was not entered into
voluntarily. Thus, appellant did not waive his right to appeal. 

 Texas courts follow the test established in Strickland v.
Washington(1) to determine whether counsel's representation was
inadequate so as to violate a defendant's Sixth Amendment right to
counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). The Strickland test requires appellant to: (1) prove that counsel's
performance was below an objective standard of reasonableness and
(2) prove that this deficient performance prejudiced the defense. To
make out a claim of ineffective assistance, an appellant must show
ineffective assistance firmly rooted in the record. Jackson v. State, 877
S.W.2d 768, 771-72 (Tex. Crim. App. 1994). 

 The Court of Criminal Appeals has held that their failure to timely
convey plea bargain offers from the State to a client is error, and that
such representation falls below an objective standard of
reasonableness. Ex parte Wilson, 724 S.W.2d 72, 74 (Tex. Crim. App.
1987). Appellant was not informed that the State had made a plea
bargain offer. During the original trial, counsel attempted to submit this
offer into evidence. The prosecutor objected to its introduction but did
not deny that the offer had existed. During the hearing on appellant's
motion for new trial, appellant submitted a sworn affidavit, wherein trial
counsel stated he failed to convey the offer of five years probation,
coupled with a $2,900 fine, to the appellant. The State did not
contradict this affidavit and it was entered into evidence. This failure
to inform appellant of the State's plea bargain offer is performance
below an objective standard of reasonableness. Evidence of this failure
is "firmly rooted" in the record as required by Jackson; therefore, the
first prong of the Strickland test is met. 

 Appellant stated that he would have accepted the plea bargain
offer had he known of it. This likely would have resulted in a sentence
of probation and a smaller fine. Therefore, the result of the trial would
have been different had trial counsel conveyed the plea bargain offer to
the appellant and the second prong of the Strickland test is met. Thus,
under the Strickland test, appellant's attorney did not provide effective
counsel. 

 The Court of Criminal Appeals has held that this type of harm,
suffered by an appellant from ineffective counsel, is best remedied by
reinstating the State's plea bargain offer. See Ex parte Lemke, 13
S.W.3d 791, 798 (Tex. Crim. App. 2000). Therefore, appellant's
conviction is REVERSED and the cause is REMANDED to the trial court
to withdraw appellant's plea, require the State to reinstate its five-year
probation or seven-year deferred adjudication offer, along with the fine
of $2,900, storage fees, and court costs, and allow appellant to re-plead
to the indictment in this cause.

 
 

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 17th day of August, 2000.

1. 
[1] Strickland v. Washington, 466 U.S. 668; 104 S.Ct. 2052 (1984).