hernandez V. STATE




COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-432-CR
 
PEDRO AGUIRRE HERNANDEZ                                                            
APPELLANT
V.
THE STATE OF TEXAS                                                                         
STATE
------------
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Pedro Aguirre Hernandez appeals from his conviction for possession
of a controlled substance with intent to deliver.(2) 
Appellant entered an open plea of guilty and elected to have the trial court
assess punishment.  The trial court sentenced appellant to twenty years'
confinement. We affirm.
Appellant's court-appointed counsel has filed a motion to withdraw as counsel
and a brief in support of that motion. In the brief, counsel states that, in his
professional opinion, this appeal is frivolous. Counsel's brief and motion meet
the requirements of Anders v. California by presenting a professional
evaluation of the record demonstrating why there are no arguable grounds for
relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel also sent appellant by
certified mail a copy of the motion to withdraw and the Anders brief,
along with a letter explaining that appellant could file his own pro se brief.
In addition, this court informed appellant by letter of his opportunity to file
a pro se brief, but he has not done so.
Once appellant's court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the Anders
requirements, this court is obligated to undertake an independent examination of
the record and to essentially rebrief the case for appellant to see if there is
any arguable ground that may be raised on appellant's behalf. See Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
Because appellant pled guilty to the offense, he has waived the right to
appeal any nonjurisdictional defects, other than the voluntariness of his plea,
that occurred before entry of the plea. See Lewis v. State, 911 S.W.2d
1, 4-5 (Tex. Crim. App. 1995); Broddus v. State, 693 S.W.2d 459, 461
(Tex. Crim. App. 1985). However, if the judgment was not rendered independently
of error occurring before entry of the plea, appellant may appeal that error. See
Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). Therefore, our
independent review of the record for potential error is limited to potential
jurisdictional defects, the voluntariness of appellant's plea, error that is not
independent of and supports the judgment of guilt, and potential errors
occurring after the guilty plea.
Our review of the record reveals no jurisdictional defects. The trial court
had jurisdiction over the case. See Tex. Code Crim. Proc. Ann. art.
4.05 (Vernon Supp. 2003). Further, the indictment sufficiently conferred
jurisdiction on the trial court and provided appellant with sufficient notice.
See Tex. Const. art. V, § 12; Duron v. State, 956 S.W.2d 547,
550-51 (Tex. Crim. App. 1997).
The record of the plea hearing reveals that no error occurred before the
judgment of guilt was rendered. Appellant signed a judicial confession of guilt,
which the trial court admitted into evidence; therefore, there is sufficient
evidence in the record to support the judgment of guilt. See Tex. Code
Crim. Proc. Ann. art. 1.15; Pitts v. State, 916 S.W.2d 507, 510 (Tex.
Crim. App. 1996). As a result, there is no appealable error under Young.
8 S.W.3d at 666-67.
The record reveals that appellant's pleas were made knowingly and
voluntarily. The trial court properly admonished appellant regarding his rights.
See Tex. Code Crim. Proc. Ann. art. 26.13. Appellant then pled guilty
to the court. Nothing in the record supports a claim that appellant's plea was
involuntary. Further, our independent review of the record has not revealed any
evidence that trial counsel provided erroneous advice to appellant before or
during the plea proceedings. See Strickland v. Washington, 466 U.S.
668, 690, 104 S. Ct. 2052, 2066 (1984).
Our review of the record from the trial on punishment also yields no
reversible error. The trial court assessed punishment within the statutorily
permissible range. Possession of a controlled substance of four or more but less
than two hundred grams, with intent to deliver, is a first degree felony, with a
penalty range of five to ninety-nine years or life in prison and up to a $10,000
fine. See Tex. Health & Safety Code Ann. § 481.112(a), (d); Tex.
Penal Code Ann. § 12.32 (Vernon 2003). Appellant was sentenced to twenty years'
confinement. Thus, there is nothing to suggest that the trial court erred in
sentencing appellant.
While our independent review of the record indicates that appellant may have
a claim of ineffective assistance of counsel based on his trial counsel's
cross-examination of the State's witness at punishment, we do not believe that
it is an arguable ground for appeal. Appellant testified at punishment, claiming
that he had sold drugs only one time because he needed the money to support his
family. The State called Detective Jeff Davis, who testified that the police
arrested appellant at an address on Coronado Street, where they found cocaine
and stolen property. Detective Davis also testified that officers had previously
become aware of appellant pursuant to a search warrant they had for an address
on Colorado Street. According to Detective Davis, the officers had information
that appellant "was involved in trafficking cocaine and trading [it] for
stolen merchandise or cash" at the Colorado address. When cross-examining
Detective Davis, appellant's counsel asked, "Did anyone actually see
[appellant] selling drugs at the [Colorado] address?", and Detective Davis
answered, "Yes, sir." During its closing argument, the State pointed
out that appellant lied to the court by saying he had sold drugs only once.
We apply a two-pronged test to ineffective assistance of counsel claims. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show that the deficient
performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App.
1999). "[C]ounsel is strongly presumed to have rendered adequate assistance
and made all significant decisions in the exercise of reasonable professional
judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at
2066. An allegation of ineffective assistance must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. If appellant fails to show
either deficient performance or sufficient prejudice, he cannot prevail on his
claim of ineffective assistance. Thompson, 9 S.W.3d at 813.
Generally, the record on appeal is not sufficient to show that counsel's
performance was deficient because "[t]he reasonableness of counsel's
choices often involves facts that do not appear in the appellate record." Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Therefore, it is
usually more appropriate to raise ineffective assistance claims by writ of
habeas corpus. Id. Here, the record is silent on trial counsel's
reasons for asking Detective Davis whether any witnesses actually saw appellant
dealing drugs on Colorado Street. No motion for new trial was filed; thus,
appellant may not raise on appeal any facts not in the record. See Tex.
R. App. P. 21.2. This is a case where "the record on direct appeal is
undeveloped and cannot adequately reflect the motives behind trial counsel's
actions." Mallet v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001). Accordingly, we do not believe appellant has an arguable claim on appeal
that he received ineffective assistance of counsel at his trial on punishment.
After independently reviewing the record, we agree with appellate counsel's
determination that any appeal from this case would be frivolous. Accordingly, we
grant appellate counsel's motion to withdraw and affirm the trial court's
judgment.
 
                                                           
PER CURIAM
 
PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. Health & Safety Code Ann. §
481.112(a), (d) (Vernon 2003).