NUMBER 13-03-590-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


                                                                                                    

DAVID ALLEN GRIER,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
                                                                                                    

On appeal from the 135th Judicial District Court
of DeWitt County, Texas.
                                                                                                    


MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Castillo

         Appellant David Allen Grier appeals his conviction and sentence as an habitual
offender for evading arrest or detention with a vehicle.


 Without the benefit of an
agreed punishment recommendation, Grier pleaded guilty to the charge and true to the
enhancement allegations. The trial court sentenced him to twelve years confinement
in the Institutional Division of the Texas Department of Criminal Justice. We conclude
that Grier's appeal is frivolous and without merit. We affirm. 
I. BACKGROUND
         The trial court has certified that this is not a plea-bargain case, and Grier has the
right to appeal. See Tex. R. App. P. 25.2(a)(2). Grier's appellate counsel filed a brief
in which counsel concludes that the appeal is frivolous. See Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel certified that he transmitted a copy of the
brief to Grier and informed him that: (1) counsel diligently searched the appellate
record; (2) he researched the law applicable to the facts and issues in the appeal; and
(3) in his professional opinion, no reversible error is reflected by the record, and the
appeal is without merit. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978). Counsel's certification did not recite that he notified
Grier of his right to review the appellate record to determine what issues to raise in a
prospective pro se brief. See Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.–Waco 1994, pet. ref'd) (per curiam). Accordingly, on February 6, 2004, we
abated this appeal and ordered counsel to provide the record to Grier. See McMahon
v. State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975) (abating appeal and ordering
Anders counsel to inform appellant of right to review record and file pro se brief). 
         On February 11, 2004, we received a letter from counsel indicating compliance
with our order. More than thirty days have elapsed since the date of counsel's letter. 
Grier has not requested the record or filed a pro se brief. 
 II. DISPOSITION
A. Anders Brief
         An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, pet. filed). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at 464. With relevant citation to the record, counsel recites that Grier pleaded guilty
to the felony indictment and that there were no apparent irregularities in the plea
proceeding requiring reversal. He adds that the evidence submitted by the State in
support of the plea is sufficient to support the conviction. Counsel notes that the
sentence assessed was within the range allowed by law and that there were no
apparent irregularities that would necessitate reversal or other relief based on
punishment evidence. He points out that Grier did not raise any objections during the
punishment phase. With citation to relevant authority, counsel concludes that there
are no reasonably arguable factual or evidentiary issues disclosed by the record that
would amount to reversible error. 
         Arguable grounds of error should be advanced by counsel as required by Anders,
if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d
at 464. However, we do not interpret Anders as requiring appointed counsel to
make arguments counsel would not consider worthy of inclusion in a brief for a paying
client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See
Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. We hold that
counsel's brief is not the "conclusory statement" decried by Anders. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. 
B. Independent Review of the Record
         As this is an Anders case, we independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at 464;
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christ 2002, no pet.). The
record reflects that the trial court administered the proper admonishments to Grier.
Grier stated that he understood the admonishments. He acknowledged that he
knowingly and voluntarily entered the guilty plea and plea of true to the enhancement
allegations. After the trial court admonished Grier in open court about his privilege
against self-incrimination, Grier took the stand during the punishment phase and
testified in his own behalf. 
1. The Plea Proceeding
         This is not a plea-bargain case. That is, it is not "a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant." See Tex. R. App.
P. 25.2(a)(2). Thus, we first determine if Grier waived any issues when he pleaded
guilty to the charged offense. See Perez v. State, No. 13-03-331-CR, 2004 Tex. App.
LEXIS 2090, at *13 (Tex. App.–Corpus Christi March 4, 2004, no pet. h.) (designated
for publication). 
2. Scope of Appellate Review Following a Guilty Plea
Entered without the Benefit of a Sentencing Recommendation

         Because Grier pleaded guilty without the benefit of a sentencing
recommendation, he waived the right to appeal any non-jurisdictional defects, other
than the voluntariness of his plea, that occurred before entry of the plea. See id.
at *14 (citing Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); Broddus v.
State, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985)). Nonetheless, if the
judgment was not rendered independently of error occurring before entry of the
plea, Grier may appeal that error. See Perez, 2004 Tex. App. LEXIS 2090, at *14
(citing Monreal v. State, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003); Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Jordan v. State,
112 S.W.3d 345, 347 (Tex. App.–Corpus Christi 2003, no pet.)). Therefore,
our independent review of the record is limited to: (1) potential jurisdictional defects;
(2) the voluntariness of Grier's plea; (3) error that is not independent of and
supports the judgment of guilt; and (4) potential error occurring after the guilty plea. 
See Perez, 2004 Tex. App. LEXIS 2090, at *14-*15 (citing Hawkins v. State,
112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.)). 
a. Jurisdictional Defects
         Our review of the record reveals that the trial court had jurisdiction over the
case. See Perez, 2004 Tex. App. LEXIS 2090, at *15 (citing Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon 2003); Hawkins, 112 S.W.3d at 344). We find no reversible
ground of jurisdictional error. 
b. Voluntariness
         The record reveals that the trial court properly admonished Grier before he
pleaded guilty to the offense and true to the enhancement allegations. The court
inquired of both Grier and trial counsel regarding Grier's competency. The record
shows that Grier's plea was knowing and voluntary. See Perez, 2004 Tex. App.
LEXIS 2090, at *15 (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998); Hawkins, 112 S.W.3d at 344). We find no reversible error on
voluntariness grounds. 
c. Error Not Independent of Conviction
         A guilty plea alone is not sufficient to support a felony conviction under
Texas law.  Perez, 2004 Tex. App. LEXIS 2090, at *16 (citing Brewster v.
State, 606 S.W.2d 325, 329 (Tex. Crim. App. 1980); Johnson v. State,
722 S.W.2d 417, 422 (Tex. Crim. App. 1986)). The State still bears the burden
of proving the guilt of the defendant by introducing sufficient evidence to support
the conviction. Perez, 2004 Tex. App. LEXIS 2090, at *16 (citing Tex. Code Crim.
Proc. Ann. art. 1.15 (Vernon 2003)). 
         Our independent review of the record reveals that Grier testified during the
punishment phase that he was "shoplifting at H.E.B. and I got scared and I drove away
in the vehicle and when the police tried to stop me, I kept going and I tried to evade
them and I know it was really wrong and I know that I am guilty for that." Therefore,
Grier is estopped from raising any challenge to the sufficiency of the evidence to
sustain his conviction, since he admitted his culpability at the punishment phase. See
Nunez v. State, 117 S.W.3d 309, 320 (Tex. App.–Corpus Christi 2003, no pet.)
(citing De Garmo v. State, 691 S.W.2d 657, 660-61 (Tex. Crim. App. 1985)
(defendant who admitted at punishment phase to committing charged murder may not
bring sufficiency challenge on appeal)). Further, the following evidence was admitted
without objection at both phases of the proceeding: (1) a plea memorandum that
contains Grier's written waivers; and (2) Grier's voluntary statement admitting to using
a pick-up truck to escape a police officer who was pursuing him in a squad car to
detain him for a theft Grier had committed minutes before. Grier did not file a motion
to suppress or otherwise object to the evidence. Accordingly, Grier waived at trial any
complaint that his conviction was not rendered independent of, and was supported by,
any arguable error regarding admission of the evidence. See Perez, 2004 Tex. App.
LEXIS 2090, at *17 (citing Tex. R. App. P. 33.1(a); Young, 8 S.W.3d at 667; Jordan,
112 S.W.3d at 347). We find no arguable error in the evidentiary support for the
judgment of conviction, nor do we find any other arguable error not independent of and
supporting the conviction. 
d. Sentencing Error
         A sentence outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal. Perez, 2004 Tex. App. LEXIS 2090, at *17
(citing Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most
trial errors, which are forfeited if not timely asserted, a party is not required to make
a contemporaneous objection to the imposition of an illegal sentence. Perez,
2004 Tex. App. LEXIS 2090, at *17 (citing Mizell, 119 S.W.3d at 806 n.6). Here,
however, the sentence assessed by the trial court was within the statutorily
permissible range and, as discussed above, was based on admissible evidence
introduced at the plea proceeding. See Perez, 2004 Tex. App. LEXIS 2090,
at *17-*18 (citing Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973);
Hawkins, 112 S.W.3d at 345). Further, our independent review of the record reveals
that the State introduced certified copies of the judgments entered in five prior felony
convictions in 1986 and 1987. Grier did not object at sentencing on any
basis, including abuse of discretion. We find he waived any challenge to the
sentence imposed. See Perez, 2004 Tex. App. LEXIS 2090, at *18 (citing Hawkins,
112 S.W.3d at 344-45 (citing Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996)). We find no arguable error in the sentencing phase of the plea
proceeding. 
C. Conclusion
         Accordingly, our independent review of the record confirms that Grier's appeal
is frivolous. We conclude that this appeal is without merit. We affirm the judgment
and sentence of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) 
(noting that Anders brief should be filed with request for withdrawal from case).
Counsel has requested to withdraw from further representation of Grier on this appeal. 
We grant counsel's motion to withdraw and order him to advise Grier promptly of the
disposition of this case and the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 1st day of April, 2004.