Shantell Trome Gilliam a/k/a Trome Shantell Gilliam v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-089-CR

SHANTELL TROME GILLIAM A/K/A APPELLANT

TROME SHANTELL GILLIAM 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Shantell Trome Gilliam appeals his conviction for aggravated robbery with a deadly weapon.  We affirm.

Appellant entered an open plea of guilty to the offense and elected to have the judge assess punishment.  The judge sentenced him to twenty-two years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Appellant the opportunity to file a pro se brief, but Appellant has not done so.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.
(footnote: 3)  Because Appellant pled guilty to the offense, he has waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea.
(footnote: 4) However, if the judgment was not rendered independently of error occurring before entry of the plea, Appellant may appeal that error.
(footnote: 5)  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of and supports the judgment of guilt, and potential error occurring after the guilty plea.  There is no reporter’s record in this case.

Our review of the clerk’s record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.
(footnote: 6)  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided Appellant with sufficient notice.
(footnote: 7)  No reversible grounds of jurisdictional error exist.

The clerk’s record reveals that Appellant’s plea was knowing and voluntary.  The trial court properly admonished Appellant in writing before he pled guilty.  Nothing in the record would support a claim that Appellant’s plea was involuntary.  Additionally, nothing in the record would support a claim that the trial court abused its discretion in refusing to allow Appellant to withdraw his plea three days after the trial court had already accepted it.

The clerk’s record also reveals that no error occurred before Appellant’s plea of guilty was entered.  The judgment was based on Appellant’s plea and judicial confession.  As a result, no appealable error exists under the holding of 
Young.
(footnote: 8)
 Our review of the record from the sentencing hearing also yields no reversible error.  Aggravated robbery with a deadly weapon is a first degree felony, with a penalty range of five to ninety-nine years or life and up to a $10,000 fine.
(footnote: 9)  The trial court had the pre-sentence investigation report (PSI) before it in considering punishment.  This is the only evidence in the record on punishment.  The PSI provided, among other information, that Appellant had four prior felony convictions.  The twenty-two-year sentence assessed is within the statutorily permissible range.  
There is no evidence that trial counsel provided erroneous advice to Appellant before or after the plea proceedings, and we find no indication in the record that Appellant’s trial counsel was constitutionally ineffective.
(footnote: 10)
 After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 15, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).

3:
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

4:
See Lewis v. State
,
 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); 
Broddus v. State
, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985).

5:
See Young v. State
,
 
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).

6:
See 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004).

7:
See 
Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

8:
See Young
, 8 S.W.3d at 666-67.

9:
See 
Tex. Penal Code Ann.
 §§ 12.32, 29.03(a)(2), (b) (Vernon 2003).

10:
See Strickland v. Washington
, 466 U.S. 668, 690, 104 S. Ct. 2052, 2065-66 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).