COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-089-CR
 
 
SHANTELL 
TROME GILLIAM A/K/A                                          APPELLANT
TROME 
SHANTELL GILLIAM
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 372ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Shantell Trome Gilliam appeals his conviction for aggravated robbery with a 
deadly weapon. We affirm.
        Appellant 
entered an open plea of guilty to the offense and elected to have the judge 
assess punishment. The judge sentenced him to twenty-two years’ confinement in 
the Institutional Division of the Texas Department of Criminal Justice.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California[2] 
by presenting a professional evaluation of the record demonstrating why there 
are no arguable grounds for relief. This court provided Appellant the 
opportunity to file a pro se brief, but Appellant has not done so.
        Once 
Appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any 
arguable ground that may be raised on his behalf.[3]  
Because Appellant pled guilty to the offense, he has waived the right to appeal 
any non-jurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea.[4]  However, 
if the judgment was not rendered independently of error occurring before entry 
of the plea, Appellant may appeal that error.[5]  
Therefore, our independent review of the record is limited to potential 
jurisdictional defects, the voluntariness of Appellant’s plea, error that is 
not independent of and supports the judgment of guilt, and potential error 
occurring after the guilty plea. There is no reporter’s record in this case.
        Our 
review of the clerk’s record reveals no jurisdictional defects.  The 
trial court had jurisdiction over the case.[6]  
Further, the indictment sufficiently conferred jurisdiction on the trial court 
and provided Appellant with sufficient notice.[7]  
No reversible grounds of jurisdictional error exist.
        The 
clerk’s record reveals that Appellant’s plea was knowing and 
voluntary.  The trial court properly admonished Appellant in writing before 
he pled guilty.  Nothing in the record would support a claim that 
Appellant’s plea was involuntary.  Additionally, nothing in the record 
would support a claim that the trial court abused its discretion in refusing to 
allow Appellant to withdraw his plea three days after the trial court had 
already accepted it.
        The 
clerk’s record also reveals that no error occurred before Appellant’s plea 
of guilty was entered.  The judgment was based on Appellant’s plea and 
judicial confession.  As a result, no appealable error exists under the 
holding of Young.[8]
        Our 
review of the record from the sentencing hearing also yields no reversible 
error.  Aggravated robbery with a deadly weapon is a first degree felony, 
with a penalty range of five to ninety-nine years or life and up to a $10,000 
fine.[9]  The trial court had the pre-sentence 
investigation report (PSI) before it in considering punishment.  This is 
the only evidence in the record on punishment. The PSI provided, among other 
information, that Appellant had four prior felony convictions.  The 
twenty-two-year sentence assessed is within the statutorily permissible 
range.  There is no evidence that trial counsel provided erroneous advice 
to Appellant before or after the plea proceedings, and we find no indication in 
the record that Appellant’s trial counsel was constitutionally ineffective.[10]
        After 
independently reviewing the record, we agree with appellate counsel’s 
determination that any appeal from this case would be frivolous.  
Accordingly, we grant appellate counsel’s motion to withdraw and affirm the 
trial court’s judgment.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 15, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
386 U.S. 738, 87 S. Ct. 1396 (1967).
3.  
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
4.  
See Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); Broddus 
v. State, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985).
5.  
See Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).
6.  
See Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2004).
7.  
See Tex. Const. art. V, § 
12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
8.  
See Young, 8 S.W.3d at 666-67.
9.  
See Tex. Penal Code Ann. 
§§ 12.32, 29.03(a)(2), (b) (Vernon 2003).
10.  
See Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2065-66 
(1984); Thompson v. State, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).