COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-184-CR

 

 

ROBERT ZINN                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Robert Zinn appeals
his conviction for possession of a controlled substance between four and two
hundred grams.  We affirm.








Zinn entered an open plea of
guilty to the offense, and the trial court assessed punishment at eight years= confinement.  Zinn=s court‑appointed appellate counsel has filed a motion to
withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that in his
professional opinion, this appeal is frivolous. 
Counsel's brief and motion meet the requirements of Anders v.
California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  This court provided Zinn the opportunity to
file a pro se brief, but Zinn has not done so. 








Once an appellant=s court‑appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially rebrief the case for the appellant to see if there is any
arguable ground that may be raised on his behalf.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991).  Because Zinn
pleaded guilty to the offense, he has waived the right to appeal any non‑jurisdictional
defects other than the voluntariness of his plea, that occurred before entry of
the plea.  See Lewis v. State, 911
S.W.2d 1, 4‑5 (Tex. Crim. App. 1995); Broddus v. State, 693 S.W.2d
459, 460‑61 (Tex. Crim. App. 1985). 
However, if the judgment was not rendered independently of error
occurring before entry of the plea, Zinn may appeal that error.  See Young v. State, 8 S.W.3d 656, 666‑67
(Tex. Crim. App. 2000).  Therefore, our
independent review of the record is limited to potential jurisdictional
defects, the voluntariness of Zinn's plea, error that is not independent of and
supports the judgment of guilt, and potential error occurring after the guilty
plea. 

There is no reporter's record
in this case, but our review of the clerk's record reveals no jurisdictional
defects.  The trial court had
jurisdiction over this case.  See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005).  Further, the information
sufficiently conferred jurisdiction on the trial court and provided Zinn with
sufficient notice.  See Tex. Const. art. V, ' 12.  Thus, no reversible
grounds of jurisdictional error exist.

The clerk's record reveals
that Zinn=s plea was
knowing and voluntary. The trial court properly admonished Zinn in writing
before he pleaded guilty, and Zinn signed a written judicial confession
admitting the allegations contained in the felony information.  Therefore, nothing in the record would
support a claim that Zinn=s plea was
involuntary.  

The clerk's record also
reveals that no error occurred before Zinn=s plea of guilty was entered. 
As a result, no appealable error exists under the holding of Young.  See 8 S.W.3d at 666‑67.








Our review of the clerk=s record of the sentencing also yields no reversible error.  Possession of a controlled substance of four
grams or more, but less than two hundred grams is a second-degree felony with a
penalty range of two to twenty years and up to a $10,000 fine.  See Tex.
Health & Safety Code Ann. '' 481.102 (6), 481.115 (d) (Vernon 2003 & Supp. 2005); Tex. Penal Code Ann. ' 12.33 (Vernon 2003).  The
eight-year sentence assessed is within the statutorily permissible range.  See Tex.
Penal Code Ann. ' 12.33.  Therefore, we discern no reversible error
after Zinn pleaded guilty.

After independently reviewing
the record, we agree with Zinn=s counsel's determination that any appeal from this case would be
frivolous.  Accordingly, we grant Zinn=s counsel's motion to withdraw and affirm the trial court's judgment.

 

PER CURIAM

 

PANEL
F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 2, 2006











[1]See Tex. R. App. P. 47.4.