ZINN v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-184-CR

ROBERT ZINN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Zinn appeals his conviction for possession of a controlled substance between four and two hundred grams.  We affirm.

Zinn entered an open plea of guilty to the offense, and the trial court assessed punishment at eight years’ confinement.  Zinn’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of 
Anders v. California 
by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  This court provided Zinn the opportunity to file a 
pro se 
brief, but Zinn has not done so. 

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Zinn pleaded guilty to the offense, he has waived the right to appeal any non-jurisdictional defects other than the voluntariness of his plea, that occurred before entry of the plea.  
See Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995); 
Broddus v. State
, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985).  However, if the judgment was not rendered independently of error occurring before entry of the plea, Zinn may appeal that error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Zinn's plea, error that is not independent of and supports the judgment of guilt, and potential error occurring after the guilty plea. 

There is no reporter's record in this case, but our review of the clerk's record reveals no jurisdictional defects.  The trial court had jurisdiction over this case.  
See 
Tex. Code Crim. Proc. Ann
. art. 4.05 (Vernon 2005).  Further, the information sufficiently conferred jurisdiction on the trial court and provided Zinn with sufficient notice.  
See
 
Tex. Const
. art. V, § 12.  Thus, no reversible grounds of jurisdictional error exist.

The clerk's record reveals that Zinn’s plea was knowing and voluntary. The trial court properly admonished Zinn in writing before he pleaded guilty, and Zinn signed a written judicial confession admitting the allegations contained in the felony information.  Therefore, nothing in the record would support a claim that Zinn’s plea was involuntary.  

The clerk's record also reveals that no error occurred before Zinn’s plea of guilty was entered.  As a result, no appealable error exists under the holding of 
Young
.  
See 
8 S.W.3d at 666-67.

Our review of the clerk’s record of the sentencing also yields no reversible error.  Possession of a controlled substance of four grams or more, but less than two hundred grams is a second-degree felony with a penalty range of two to twenty years and up to a $10,000 fine.  
See
 
Tex. Health & Safety Code Ann
. §§ 481.102 (6), 481.115 (d) (Vernon 2003 & Supp. 2005); 
Tex. Penal Code Ann
. § 12.33 (Vernon 2003).  The eight-year sentence assessed is within the statutorily permissible range. 
 See
 
Tex. Penal Code Ann
. § 12.33.  Therefore, we discern no reversible error after Zinn pleaded guilty.

After independently reviewing the record, we agree with Zinn’s counsel's determination that any appeal from this case would be frivolous.  Accordingly, we grant Zinn’s counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 2, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.